UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAM IX TRUST,<br><br>                           Plaintiff,<br><br>v.<br><br>DENISE T. BOWDLER AND DOES 1 TO 10,<br><br>                           Defendants. | Case No.: 16-CV-2419-AJB-DHB<br><br>**(1) SUA SPONTE REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. No. 1);**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT (Doc. No. 3);** |

On September 27, 2016, Defendant Denise Bowdler ("Removing Defendant"), acting *pro se*, filed a notice of removal of an unlawful detainer action filed in San Diego Superior Court, (Doc. No. 1), and an application to proceed *in forma pauperis*. (Doc. No. 3.) The notice of removal seeks to remove an unlawful detainer proceeding initiated in San Diego Superior Court by Plaintiff Cam IX Trust ("Plaintiff"). (Doc. No. 1 at 1-3.) For the reasons set forth below, the Court *sua sponte* **REMANDS** the action for lack of subject matter jurisdiction, and **DENIES AS MOOT** Removing Defendant's application to proceed *in forma pauperis*. (Doc. No. 3.)

///

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action to federal court only if the district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003).

"[F]ederal courts are under an independent obligation to examine their own jurisdiction[.]" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Accordingly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## DISCUSSION

Removing Defendant alleges that the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1441. (Doc. No. 1 at 2.)[1] Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also* U.S. Const. art. III, § 2, cl. 1. Jurisdiction in federal question cases is "governed by the 'well-pleaded complaint rule,' which provides that federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S.

---

[1] Page numbers refer to the CM/ECF page numbers and not the automatically generated page numbers on the original document.

386, 392-93 (1987). Diversity jurisdiction exists where there is complete diversity among opposing parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Removing Defendant claims that federal question jurisdiction exists because "the complaint presents federal questions" and that "Defendant's answer depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." (Doc. No. 1 ¶¶ 6, 10.) The complaint attached as Exhibit A to the notice of removal, however, affirmatively shows that Removing Defendant's complaint alleges only a single claim for unlawful detainer, which is a California state law cause of action. (*Id.* at 6.) *Wells Fargo Bank v. Lapeen*, No. C 11-01932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law.") (citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010))).

Removing Defendant also claims that removal is appropriate based on diversity jurisdiction. (Doc. No. 1 ¶ 6.) Removing Defendant does not plead any more facts to support this argument. Looking at the complaint, the Court finds that Plaintiff is a Delaware Statutory Trust and Removing Defendant is a citizen of California, residing at the property in question in the unlawful detainer action. (*Id.* at 6, 7.) The complaint also states on its face that the demand for damages does not exceed $10,000. (*Id.* at 6.) Moreover, Plaintiff asks for damages in the amount of $102.00 per day as allowed by law from 07/26/2016. (*Id.* at 8.) As of the day of this order, that only amounts to $1224.00, which is far less than the $75,000 needed to qualify for diversity jurisdiction.

The Court finds that Plaintiff's complaint does not "necessarily raise a stated federal issue, actually disputed and substantial," which this Court "may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485- MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California

law. Because a claim for unlawful detainer does not itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint."). As the complaint does not present a federal question, and diversity jurisdiction is not present, the Court lacks subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, the Court *sua sponte* **REMANDS** the action to San Diego Superior Court for lack of subject matter jurisdiction. Accordingly, Removing Defendant's motion to proceed *in forma pauperis* is **DENIED** as moot. (Doc. No. 3).

**IT IS SO ORDERED.**

Dated: October 12, 2016

Hon. Anthony J. Battaglia
United States District Judge